IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| F.F.,<br><br>             Plaintiff,<br>v.<br><br>CAPITAL BLUECROSS,<br><br>             Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO TRANSFER<br><br>Case No. 2:22-cv-494-RJS-JCB<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

This case arises under the Employee Retirement Income Security Act of 1974 (ERISA). Plaintiff F.F. alleges Defendant Capital Blue Cross (Capital) violated ERISA in denying residential treatment benefits for his minor son, T.F.[1] Now before the court is Capital's Motion to Dismiss or, in the Alternative, Transfer Venue.[2] For the reasons explained, the Motion is DENIED as to dismissal but GRANTED as to the transfer of venue.

## BACKGROUND[3]

F.F. lives in Summit County, Utah.[4] Capital is an insurance provider headquartered and doing business out of Harrisburg, Pennsylvania.[5] Through his employer, F.F. was a participant

---

[1] F.F. brings this suit to recover on behalf of T.F. because he has, regretfully, passed away. Dkt. 2, *Complaint* ¶ 6.

[2] Dkt. 10, *Defendant's Motion to Dismiss or, in the Alternative, Transfer Venue* (*MTD or Transfer*).

[3] Included herein are the facts relevant to the pending Motion. On a motion to dismiss for improper venue, all well-pleaded factual allegations in the complaint are taken as true, unless contradicted. *Hancock v. Am. Tel. & Tel. Co.*, 701 F.3d 1248, 1260 (10th Cir. 2012) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1352, at 324 (2004)). If there are conflicting facts, the court may review facts outside the complaint to determine whether venue is proper. *Id.* at 1260–61. All facts are viewed in a light most favorable to the plaintiff. *Id.* at 1261.

[4] *Complaint* ¶ 1.

[5] *MTD or Transfer* at 3; Dkt. 10-1, *Exhibit A* ¶¶ 5–6.

1

in an ERISA benefits plan (the Plan) for which Capital was the insurer, claims administrator, and fiduciary.[6] As F.F.'s dependent, T.F. was a beneficiary of the Plan.[7]

From August 2019 to May 2020, T.F. received medical care and treatment at a residential mental health facility in Idaho.[8] Capital, through its affiliate Magellan Healthcare, denied payment for T.F.'s treatment, stating it was "not medically necessary" as required for coverage under the Plan.[9] F.F. appealed that determination with Capital and Magellan but the denial was only partially overturned, approving payment for August 2019 to September 2019.[10] No justification was offered for why just one month of the nine-month stay was authorized.[11] Having exhausted his pre-litigation options under the Plan, F.F. filed a Complaint with this court on August 1, 2022.[12]

## PROCEDURAL HISTORY

F.F. brings two causes of action in his Complaint: (1) a claim for recovery of benefits under ERISA, 29 U.S.C. § 1104(a)(1); and (2) a claim for violation of the Mental Health Parity and Addiction Equity Act, 29 U.S.C. § 1132(a)(3).

On September 29, 2022, Capital filed this Motion.[13] Capital argues the Complaint should be dismissed or transferred for improper venue under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a).[14] Alternatively, Capital urges the court to transfer the case under 28

---

[6] *Complaint* ¶¶ 2–3.

[7] *Id.* ¶ 3; *Exhibit A* ¶ 9.

[8] *Complaint* ¶ 4.

[9] *Id.* ¶¶ 5, 21.

[10] *Id.* ¶¶ 22, 40.

[11] *Id.* ¶ 40.

[12] *Id.* ¶ 42, pg.16.

[13] *MTD or Transfer* at 11.

[14] *Id.* at 5–8.

2

U.S.C. § 1404(a) because the parties have a valid forum-selection clause designating Pennsylvania as the venue.[15] The Motion is now fully briefed and ripe for review.[16] The court first sets out the relevant legal standards before analyzing their application here.

## LEGAL STANDARDS

Rule 12(b)(3) allows a party to move for dismissal due to "improper venue."[17] Section 1406 similarly requires dismissal of a case filed in an improper venue unless the interest of justice would be served by transferring the case rather than dismissing it.[18] Taken together, Rule 12(b)(3) and § 1406 authorize dismissal (or transfer in the case of § 1406) "only when venue is 'wrong' or 'improper' in the forum in which it was brought."[19] A "wrong" district is one other than "those districts in which Congress has provided by its venue statutes that the action may be brought."[20]

Section 1404 allows a district court to transfer a case to any other district where it might originally have been brought, if convenient for the parties and to serve the interest of justice.[21] Rather than conditioning transfer "on the initial forum's being 'wrong,'" this Section permits transfer to any district where venue is proper "or to any other district to which the parties have

---

[15] *Id.* at 9–11.

[16] Dkt. 19, *Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss or, in the Alternative, Transfer Venue* (*Opposition*); Dkt. 29, *Defendant's Reply in Support of Motion to Dismiss or, in the Alternative, Transfer Venue* (*Reply*).

[17] Fed. R. Civ. P. 12(b)(3).

[18] 28 U.S.C. § 1406(a).

[19] *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 55 (2013).

[20] *Id.* at 58 (internal citations and quotations omitted).

[21] 28 U.S.C. § 1404(a).

agreed by contract or stipulation."[22] A district court must evaluate a number of case-specific factors, including a forum-selection clause, when weighing a motion to transfer under § 1404.[23]

## ANALYSIS

The court will first address the Motion to Dismiss or Transfer under Rule 12(b)(3) and § 1406 before turning to the Motion to Transfer under § 1404.

### I. Motion to Dismiss or Transfer under Rule 12(b)(3) and § 1406

ERISA's venue provision, 29 U.S.C. § 1132(e)(2) provides venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." Capital argues Utah is an improper venue because "[t]his action does not meet any of the three ERISA venue alternatives" under § 1132.[24] F.F. responds that Utah is the proper venue because it is "where the breach took place."[25] The court agrees with F.F.

While the Tenth Circuit has not interpreted this phrase, Utah courts consistently hold "[t]he breach of an ERISA plan occurs at the place the policy holder resides and would have received benefits."[26] This is because "under ERISA, the duty is owed the plan participant."[27] Thus, regardless whether the services or the denial decisions occurred out-of-state, "any breach

---

[22] *Atl. Marine*, 571 U.S. at 59.

[23] *Id.* at 58.

[24] *MTD or Transfer* at 5.

[25] *Opposition* at 3 (quoting 29 U.S.C. § 1132(e)(2)). F.F. also asserts Utah is the proper venue because Capital can be found in Utah and the Utah court can properly exercise personal jurisdiction over Capital. *Id.* at 4–8. Because the court finds Utah is a proper venue due to the location of the breach, it has no need to address these other arguments.

[26] *Island View Residential Treatment Ctr. v. Kaiser Permanente*, No. 1:09-cv-3, 2009 WL 2614682, at *2 (D. Utah Aug. 21, 2009); *Jon N. v. Blue Cross Blue Shield of Mass., Inc*., No. 1:07-cv-137-DAK, 2008 U.S. Dist. LEXIS 35464, at *7-8 (D. Utah Apr. 29, 2008) ("[T]he breach occurs at the place where the policy holder resides and would have received benefits."); *Michael M. v. Nexsen Pruet Grp. Med. & Dental Plan*, No. 2:17-cv-1236 TS, 2018 WL 1406600, at *1–2 (D. Utah Mar. 19, 2018); *IHC Health Servs., Inc. v. Eskaton Props., Inc.*, No. 2:16-cv-3-DN, 2016 WL 4769342, at *4 (D. Utah Sept. 13, 2016) ("The breach of an ERISA plan occurs at the place the policy holder resides and would have received benefits." (internal quotation marks omitted)).

[27] *Island View*, 2009 WL 2614682, at *2.

of duty owed under the plan, occurs at the place where the plan participant resides" and "where the payment is to be made."[28]

Here, F.F. is the policy holder and he resides in Utah.[29] The fact that Capital is located in Pennsylvania and denied benefits there is immaterial.[30] Under relevant law, the alleged ERISA breaches occurred in Utah and it is a proper venue under § 1132.[31]

Capital's arguments to the contrary are unpersuasive. Capital relies almost entirely on out-dated, out-of-district law in arguing the breach occurred in Pennsylvania, where it adjudicated F.F.'s claims.[32] Those cases have been overruled by more recent precedent recognizing the "majority view" in ERISA cases is that the breach occurs where benefits are to be received.[33] The only Utah case Capital cites is *C.C. v. California Physicians' Service*, No. 4:21-CV-00010-DN-PK, 2021 WL 3207853 (D. Utah July 29, 2021).[34] *C.C.* states, "[a]ny

---

[28] *IHC Health Servs.*, 2016 WL 4769342, at *4–5 (internal citations and quotation marks omitted) (finding Utah was not the proper place of an ERISA breach even though the provider was in Utah and services were received there).

[29] *Complaint* ¶¶ 1, 3.

[30] *See, e.g.*, *IHC Health Servs.*, 2016 WL 4769342, at *4–5.

[31] *See, e.g.*, *Island View*, 2009 WL 2614682, at *2.

[32] *MTD or Transfer* at 6 (citing *Seitz v. Bd. of Trs. of the Pension Plan of the N.Y. State Teamsters Conf. Pension & Ret. Fund*, 953 F. Supp. 100 (S.D.N.Y. 1997); *Boyer v. J.A. Majors Co.*, 481 F. Supp. 454, 459 (N.D. Ga. 1979); *Turner v. CF&I Steel Corp.*, 510 F. Supp. 537, 541 (E.D. Pa. 1981); *Orgeron v. Moran Towing Corp.*, Civ. A. No. 93-4164, 1994 WL 462995, at *2 (E.D. La. Aug. 22, 1994)).

[33] *See Barnum v. Mosca*, No. 108-cv-567(LEK/RFT), 2009 WL 982579, at *3 (N.D.N.Y. Apr. 13, 2009) (explaining the *Seitz* court concluded where the breach occurred "without analysis" and agreeing "with the majority of courts that have addressed this issue—that for purposes of the ERISA venue statute, the place of breach occurs where the plaintiff is to receive his benefits"); *Barker v. New Energy Corp.*, No. cv206-183, 2006 WL 3391347, at *3 (S.D. Ga. Nov. 21, 2006) (overruling *Boyer* as the court's "reading of the statute is less faithful to the law's plain meaning"); *Keating v. Whitmore Mfg. Co.*, 981 F. Supp. 890, 892 (E.D. Pa. 1997) ("Since *Turner*, additional courts have considered the issue of where a breach of an ERISA plan takes place. Time after time, courts have found that a breach that results from plaintiffs being denied benefits occurs where the benefits are to be received by the original pension holder."); *French v. Dade Behring Life Ins. Plan, No.* CIV.A.09-394-C-M2, 2010 WL 2360457, at *3 (M.D. La. Mar. 23, 2010), *report and recommendation adopted sub nom. French v. Dale Behring Life Ins. Plan*, No. CIV.A.09-394-C, 2010 WL 2360444 (M.D. La. June 8, 2010) (reaching a "different result than that rendered in *Orgeron*" because "several district courts within this circuit" have held "that ERISA venue is proper where a plan participant/beneficiary receives or was to receive payments").

[34] *MTD or Transfer* at 6.

5

violation of ERISA alleged in the complaint occurred in [California] because [the provider] adjudicated the disputed claims in that district."[35] However, the parties in *C.C.* were not disputing the location of the breach nor was the court analyzing that provision.[36] Thus, this dicta carries little weight in comparison to the wealth of Utah cases interpreting § 1132 to mean a breach of the plan occurs where the plan participant resides and would have received payment.

Because Utah is a proper venue under § 1132, the court DENIES the Motion to Dismiss or Transfer under Rule 12(b)(3) and §1406.

## II. Motion to Transfer under § 1404

Capital also moves to transfer this action to Pennsylvania under § 1404 based on a forum-selection clause in the Plan.[37] The court begins with an overview of relevant law before turning to the parties' arguments.

### A. Overview

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."[38] Usually, a party moving to transfer a case under § 1404 bears the burden of establishing the present forum is inconvenient.[39] A court must weigh a number of factors concerning "the convenience of the parties and various public-interest considerations" to "decide whether, on balance, a transfer would serve 'the convenience of parties' . . . and otherwise promote 'the interest of justice.'"[40]

---

[35] 2021 WL 3207853, at *2.

[36] *Id.*

[37] *MTD or Transfer* at 8–9.

[38] 28 U.S.C. § 1404(a).

[39] *See Chrysler Credit Corp. v. Cnty. Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).

[40] *Atl. Marine*, 571 U.S. at 62–63 (quoting 28 U.S.C. § 1404 (a)).

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause[.]"[41] Where a valid forum-selection clause exists, a court evaluates a § 1404 motion differently.[42] First, "the plaintiff's choice of forum merits no weight" and the burden shifts to the plaintiff to show "why the court should not transfer the case to the forum to which the parties agreed."[43] Second, no consideration is given to the parties' private interests.[44] Instead, the court "must deem the private-interest factors to weigh entirely in favor of the preselected forum" and may evaluate only public-interest factors.[45] "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases."[46] Third, the sitting court's choice-of-law rules do not apply.[47]

Here, the Plan terms include a forum-selection clause:

> The *contract holder* and *members* hereby irrevocably consent and submit to the jurisdiction of the federal and state courts within Dauphin County, Pennsylvania and waive any objection based on venue or forum non conveniens with respect to any action instituted therein arising under the *group contract* whether now existing or hereafter and whether in contract, tort, equity, or otherwise.[48]

Capital argues this clause "mandate[s] that this matter be heard in Pennsylvania."[49]

---

[41] *Id.* at 63.

[42] *Id.*

[43] *Id.* at 63–64.

[44] *Id.* at 64.

[45] *Id.*

[46] *Id.*

[47] *Id.* at 64–66.

[48] *MTD or Transfer* at 8 (quoting Dkt. 10-1, *Plan Terms:*Group Policy at 28).

[49] *Id.* While Capital asserts the forum-selection clause "mandate[s]" transfer, the language of the clause appears to be permissive. *See K & V Sci. Co. v. Bayerische Motoren Werke Aktiengesellschaft* ("BMW"), 314 F.3d 494, 499–501 (10th Cir. 2002) (explaining that a mandatory forum-selection clause contains "language indicating the parties' intent to make venue exclusive" and listing examples of mandatory and permissive clauses). Because F.F. did not argue this issue, the court will not address it further. *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1129–31 (10th Cir. 2011) ("Our adversarial system endows the parties with the opportunity—and duty—to craft their own legal theories for relief in the district court.").

F.F. does not dispute the validity of the forum-selection clause. But he asserts strong public policy considerations "overwhelmingly disfavor transfer."[50] Specifically, F.F. argues the forum-selection clause is unenforceable because it violates ERISA's venue provisions.[51] F.F. also argues Capital fails to establish transfer is proper under § 1404 factors.[52] The court addresses each argument in turn.

### B. ERISA and Forum-Selection Clauses

F.F. first argues the forum-selection clause is unenforceable because it violates ERISA's venue provision in § 1132 and the policy goal of ERISA—to provide policy holders "ready access to the federal courts."[53] Acknowledging that "not all courts agree," F.F. nevertheless points to three district court decisions from Texas, Illinois, and Iowa to support his position.[54] Capital counters, arguing the majority of courts to consider the issue have held forum-selection clauses are consistent with ERISA.[55] Capital further agues, "[w]hile the Tenth Circuit has yet to address this question," the circuits that have are unanimous in holding forum-selection clauses in ERISA plans are enforceable.[56] Capital is correct.

As noted, § 1132 dictates ERISA claims "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found."[57] The statute uses permissive language—a suit "may be brought" in several federal judicial

---

[50] *Opposition* at 9.

[51] *Id.* at 10–11.

[52] *Id.* at 11–18.

[53] *Id.* at 9–10 (quoting *Nicolas v. MCI Health & Welfare Plan No. 501*, 453 F. Supp. 2d 972, 974 (E.D. Tex. 2006)).

[54] *Id.* at 10.

[55] *Reply* at 7.

[56] *Id.*

[57] 29 U.S.C. § 1132(e)(2).

8

districts—thereby giving parties multiple venue options from which to choose.[58] Courts reason "that if Congress had wanted to prevent private parties from waiving ERISA's venue provision, Congress could have prohibited such action."[59] Instead, Congress gave parties discretion to choose their venue from several options and a forum-selection clause is evidence of parties exercising that discretion.[60] Thus, ERISA's venue provision does not lead the court to conclude the forum-selection clause is unenforceable.

Concerning public policy, it is true that a forum-selection clause narrows an ERISA plaintiff's venue options. Yet most courts hold this does not undermine ERISA's goal of allowing "ready access" to the federal courts because a plaintiff is still entitled to bring a claim in federal court.[61] And ERISA balances competing policy considerations, some of which are furthered by allowing forum-selection clauses.[62] ERISA strives toward establishing a "uniform administrative scheme so that plans are not subject to different legal obligations in different States."[63] Enforcing a plan administrator's valid forum-selection clause increases uniformity. "Uniformity, in turn, decreases costs and thus furthers ERISA's goal of providing low-cost plans."[64] Finally, ERISA's statutory scheme "is built around reliance on the face of written plan

---

[58] *See, e.g.*, *Smith v. Aegon Cos. Pension Plan*, 769 F.3d 922, 932 (6th Cir. 2014); *In re Becker*, 993 F.3d 731, 732–33 (9th Cir. 2021) ("[The legislature] chose to open three venues for suit, but not to require them.").

[59] *Smith*, 769 F.3d at 931 (citing *Bernikow v. Xerox Corp. Long-Term Disability Income Plan*, No. CV 06-2612 RGKSHX, 2006 WL 2536590, at *2 (C.D. Cal. Aug. 29, 2006)).

[60] *See In re Becker*, 993 F.3d at 732–33; *see also Williams v. CIGNA Corp.*, No. 5:10-CV-00155, 2010 WL 5147257, at *4 (W.D. Ky. Dec. 13, 2010) (reasoning that Congress did not "intend to usurp the right of private parties to predetermine the situs of anticipated litigation under ERISA" because ERISA's venue selection provision is permissive).

[61] *See, e.g.*, *In re Becker*, 933 F.3d at 733 ("[The] forum selection clause does not undermine ERISA's goal of allowing 'ready access to the Federal courts.' To the contrary, the clause guarantees venue in a federal court." (internal citation omitted)).

[62] *See Smith*, 769 F.3d at 931–32.

[63] *Id.* (quoting *Rodriguez v. PepsiCo Long Term Disability Plan*, 716 F. Supp. 2d 855, 861 (N.D. Cal. 2010)).

[64] *In re Becker*, 993 F.3d at 732–33.

documents."[65] That reliance would be undermined by enforcing only portions of the parties' contract.

The majority of courts to consider this question, including in the Tenth Circuit, have held that forum-selection clauses are valid in ERISA actions.[66] Given the Supreme Court's directive that "forum-selection clauses should control except in unusual cases,"[67] most courts hold neither ERISA's language nor its purpose create the "unusual" circumstances necessary to invalidate a forum-selection clause.[68] The weight of this authority, coupled with the permissive statutory text and balancing policy considerations, leads this court to conclude a valid forum-selection clause may govern venue selection in an ERISA case. On this basis, F.F. fails to provide a reason not to apply the parties' forum-selection clause.

C. Section 1404 Factors

Having concluded the forum-selection clause is valid and enforceable, the court must now evaluate the Motion to Transfer under § 1404. As an initial matter, the parties do not dispute Pennsylvania is a forum "where [the action] might have been brought."[69] The key issue then is whether, after weighing the relevant factors, transfer is proper.[70] Because a valid forum-

---

[65] *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 100–01 (2013) (internal citation and quotations omitted); *see also* 29 U.S.C. § 1102(a)(1) ("Every employee benefit plan shall be established and maintained pursuant to a written instrument.").

[66] *See, e.g.*, *Smith*, 769 F.3d at 930–32; *In re Mathias*, 867 F.3d 727, 728 (7th Cir. 2017); *In re Becker*, 993 F.3d at 732–33; *Williams v. Ascension Health Long-Term Disability (Ltd) Plan*, No. 16-1361-JTM, 2017 WL 1540635, at *2–3 (D. Kan. Apr. 28, 2017); *Dunn v. Sw. Airlines Co.*, No. 20-cv-3535-WJM-STV, 2021 WL 2416469, at *2–4 (D. Colo. June 14, 2021). *But see Weiss v. Banner Health*, No. 17-cv-00443-WYD-NYW, 2017 WL 11648436, at *4–7 (D. Colo. Dec. 20, 2017) ("Although in the minority, I find persuasive the dissenting opinion in *Smith* and the cases that have held that a venue provision in an ERISA plan such as the one relied on by Defendant is not enforceable.").

[67] *Atl. Marine*, 571 U.S. at 64.

[68] *See, e.g.*, *In re Becker*, 993 F.3d at 732.

[69] *See* 28 U.S.C. § 1404(a); *Opposition* at 12 ("F.F. does not dispute that this action could have been brought in the District of Pennsylvania . . . .").

[70] *See* 28 U.S.C. § 1404(a).

selection clause exists, the balance weighs heavily in favor of transferring to Pennsylvania and the burden is on F.F. to demonstrate it is in the public interest not to transfer the case.[71] No consideration is to be given to F.F.'s personal inconveniences.[72]

But F.F. misunderstands his burden and the considerations used in evaluating a § 1404 transfer where a valid forum-selection clause exists. F.F. places the burden on Capital to prove transfer to Pennsylvania is appropriate, arguing at length how Capital has not carried its burden.[73] Further, most of F.F.'s remaining arguments are aimed at highlighting the inconveniences he would face litigating the case in Pennsylvania rather than Utah.[74] The only argument F.F. raises that could be construed as a public-interest factor weighing against transfer is a citation to a Utah statute which prohibits "depriving Utah courts of jurisdiction over an action against the insurer."[75] As Capital correctly responds, the citation to Utah law is inapplicable because courts generally apply federal law in deciding whether to enforce a forum-selection clause.[76] Other than noting his status as a Utah resident, F.F. includes no discussion concerning why Utah law would be applicable here.[77]

---

[71] *See Atl. Marine*, 571 U.S. at 62–68.

[72] *See id.* at 64.

[73] *Opposition* at 11 ("Capital has failed to establish the elements necessary to justify change of venue on the bases of forum non conveniens."); *see also*, *e.g.*, *Opposition* at 13 ("Capital, as the party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient."); *Opposition* at 16 ("Capital has not carried its burden of proving the level of inconvenience that justifies disturbing F.F.'s choice of forum.").

[74] *See id.* at 13–18 (describing F.F.'s ties to Utah, the convenience for witnesses and providers to testify in Utah, and the proximity of medical records to Utah).

[75] *Id.* at 10–11 (quoting Utah Code § 31A-21-314(2)).

[76] *Reply* at 8–11 (explaining that when a "court is tasked with determining whether" a forum-selection clause is enforceable, it is "federal law, specifically [§ 1404] and federal common law" which governs (quoting *Delta Pegasus Mgmt., L.L.C. v. Netjets Sales, Inc.*, No. 2-21-cv-00393-RJS-DAO, 2022 WL 4536757, at *4 (D. Utah Sept. 28, 2022))).

[77] *See id.*

"As the party acting in violation of the forum-selection clause, [F.F.] bear[s] the burden of showing that public-interest factors overwhelmingly disfavor a transfer."[78] Because he fails to identify any public-interest factors weighing against transfer, F.F. has not met his burden. Accordingly, the court must enforce the forum-selection clause and transfer this action to the United States District Court for the Middle District of Pennsylvania.

## CONCLUSION

For the reasons noted, the Motion to Dismiss or Transfer under Rule 12(b)(3) and § 1406 is DENIED, and the Motion to Transfer under § 1404 is GRANTED. The court TRANSFERS this action to the United States District Court for the Middle District of Pennsylvania.

So ORDERED this 20th day of March, 2023.

BY THE COURT:

Honorable Robert J. Shelby
United States Chief District Judge

---

[78] *Atl. Marine*, 571 U.S. at 67.